# Supreme Court Decisions.

REMPE & SON v. RAVENS ET AL.

Decided, March 31, 1903.

*Homestead Exemptions in Attachment and Garnishment—Proceedings in Garnishment before Justice of Peace—Sections 6489 and 6498, Revised Statutes—Property Exempt from Levy—Section 5441, Revised Statutes—Failure to Claim Exemption During Attachment, not Waiver, When—Exemption Applicable Before Appropriation under Attachment.*

1. In a proceeding in attachment and garnishment under Sections 6489 and 6498, Revised Statutes, where property of the defendant in the hands of a garnishee is at the time of the service of process upon such garnishee, subject to exemption by said defendant, under Section 5441, Revised Statutes, in lieu of a homestead, mere failure of the defendant to assert such right in the attachment suit by a motion or application to discharge the attachment, or for a release of the property on the ground that the same is so exempt, does not of itself amount to and constitute an abandonment or waiver by said defendant of his right to claim and have such exemption.

2. If in such action no such motion or application is made by defendant, and the decision of the justice is in no way invoked by him upon the question of his (defendant's) right to demand and hold said property exempt, the judgment of the justice upon the final hearing of said cause "sustaining said attachment and ordering the garnishee to pay the money in his hands into court, will not conclude or estop the defendant from thereafter asserting his right to have and hold said money exempt; but he may, notwithstanding said judgment and order, demand such exemption, and upon demand made at any time before the actual appropriation of the same to the payment of the plaintiff's claim, he is entitled to have said money set off and allowed to him as exempt.

155

Error to the Superior Court of Cincinnati.

On February 2, 1899, the Hartford Fire Insurance Co. filed its petition in the Superior Court of Cincinnati against Henrietta Ravens, Henry Ravens, Edward M. Spangenberg, assignee of Henrietta Ravens, F. Rempe & Son, a partnership, J. M. Potter, W. J. Behymer and Abraham Tavel as defendants. In its petition plaintiff alleged:

"That it issued a certain policy of insurance on the house and furniture of the defendant, Henrietta Ravens.

"That afterwards, to-wit, on the twenty-eighth day of January, 1897, said house was destroyed by fire and the furniture partly destroyed. That after said fire, and before this plaintiff had time to investigate the same, certain proceedings were instituted by the defendants, Rempe & Son, J. M. Potter, W. J. Behymer and Abraham Tavel, and garnishments were issued and served upon this plaintiff, by all of said defendants, on claims owing to said defendants by the defendants, Henrietta Ravens and Henry Ravens.

"Plaintiff further says that after investigating said fire it determined that there was no liability on its part on the policy; that an assignment was made by the said Henrietta Ravens to the defendant, Edward M. Spangenberg, assignee; and the said Spangenberg, as assignee, brought an action against this plaintiff in the Superior Court of Cincinnati, known as cause No. 48969; that plaintiff filed an answer to said action, denying any liability therein.

"That afterwards said cause come on for hearing before the Honorable Edward J. Dempsey and a jury, and was submitted to the jury upon the issues joined, upon consideration whereof, there was found due the said Edward M. Spangenberg, assignee, the sum of three hundred and fifty ($350) dollars, which fund plaintiff now has in its possession; but on account of the demands made upon plaintiff by the said defendants in the attachment processes issued respectively by them, plaintiff is unable to determine who is entitled to said fund.

"Plaintiff further states that each of said defendants threaten to, and will, unless restrained by this court, sue this plaintiff for the recovery of said money; and that this action is not brought by collusion with either of the defendants.

"Wherefore, plaintiff prays that the defendants be required to interplead together concerning their claims on said money, and be enjoined from taking any proceeding against plaintiff in regard thereto, and that plaintiff be allowed to deliver said money to

some person designated by the court to receive the same, and that it be thereupon discharged from all liability in relation thereto."

In said action each and all of the defendants thereto waived the issuing and service of summons and voluntarily entered their appearance therein. The defendants, F. Rempe & Son (now plaintiff in error), and Henrietta Ravens (now defendant in error), each filed answer and cross-petition in said action and each claimed an interest in and title to the money admitted by said Insurance Company to be in its possession. F. Rempe & Son claimed to be entitled to $246.60 thereof by virtue of a judgment and lien obtained by it in an attachment suit instituted by it against Henrietta Ravens and Henry Ravens, her husband, in which suit said Hartford Insurance Co. was garnishee. Henrietta Ravens claimed the whole of said fund of $350 under favor of Section 5441, Revised Statutes of Ohio, as an exemption in lieu of a homestead. All the other defendants in said action made default. On the trial of this cause in the superior court, special term, the following judgment and decree was entered by that court:

"This cause came on to be heard upon the petition of the plaintiff herein, the answer and cross-petition of the defendant, Henrietta Ravens, the answer and cross-petition of the defendant, F. Rempe & Son, all the other defendants being in default for answer or demurrer, and was submitted to the court.

"Upon consideration whereof, the court find upon the issue joined, for the defendant, Henrietta Ravens, and against the defendant, F. Rempe & Son, and that the said F. Rempe & Son is not entitled to the relief prayed for in the answer and cross-petition, but that said defendant, Henrietta Ravens, is entitled to the relief prayed for in her answer and cross-petition.

"It is therefore ordered, adjudged and decreed that the plaintiff pay out of the funds in his hands:

"First. The costs of this action, taxed at $16.94.

"Second. To the defendant, Henrietta Ravens, or her attorney, Geo. W. Harding, the balance of said fund, amounting to $333.06; to all of which the defendant, F. Rempe & Son, except; and upon the motion of F. Rempe & Son, a stay of proceedings is granted herein for thirty days, wherein they may file petition in error."

This judgment and decree was affirmed by the superior court in general term, and to reverse this judgment of affirmance this

proceeding in error is prosecuted. A further statement of facts will be found in the opinion.

. *Burch & Johnson,* for plaintiffs in error.

Rempe & Son claim by reason of these attachment proceedings before the justice of the peace, which appear to be and are in fact regular, the affidavit containing all the averments required by the statute, the answer of the garnishee disclosing sufficient assets in its hands, the finding of the court sustaining the attachment and ordering the garnishee to pay the money into court; all the legal requirements being complied with, the proceedings regular in every way, and said judgment not being reversed or vacated by appeal or otherwise, therefore it is conclusive between this plaintiff in error and the defendant, Henrietta Ravens, the parties to that proceeding. Such judgment being a finding that the money due under the policy was not exempt from execution, it is now *res adjudicata* between the parties. When the court sustained the attachment, that was, in fact, a finding that the statements in the affidavit were true, namely, that the property was not exempt, and that the defendant was guilty of the charges in the affidavit contained; for without making this finding the justice could not sustain the attachment.

The sustaining of the attachment presupposes a finding that the property was not exempt from execution, and that the defendants were guilty of the wrongs recited in the affidavit. *Root* v. *Davis,* 51 Ohio St., 29; *Railway Co.* v. *Cronin,* 38 Ohio St., 122.

We claim that a justice of the peace having jurisdiction of the parties and subject-matter to hear and determine the cause, his decision, while unreversed, is conclusive between the parties. If the justice erred, the remedy was by appeal or proceeding in error from that judgment. *Strauss* v. *Cooch,* 47 Ohio St., 115; *Cleveland Slove Co.* v. *Mehling,* 11 Circ. Dec., 400; 21 O. C. C., 60; *Fischli* v. *Fischli,* 1 Black. (Ind.), 360; *Petersine* v. *Thomas,* 28 Ohio St., 596; *Swensen et al* v. *Cresop,* 28 Ohio St., 668; *Bridge Co.* v. *Sargent,* 27 Ohio St., 233; *Babcock* v. *Camp,* 12 Ohio St., 11; *Kirk* v. *Stevenson,* 59 Ohio St., 558.

*Howard Douglass, George W. Harding, Ed. M. Spangenberg, Cobb & Howard, W. A. Hicks* and *M. Ruskin,* for defendants in error.

There is nothing judicial in the issuing of an order of attachment, as it is issued by the clerk of the court upon the filing of the proper affidavit (see Section 5522, Revised Statutes) and when a justice issues the order he acts as a clerk and only in a ministerial capacity.

If the affidavit contained the statutory requirements the order issues as of course.

Where the debt is due, the clerk issues the order; when it is not due the attachment must be granted by the court, or by a judge thereof, and of course this is judicial and the court as such passes upon the sufficiency of the affidavit. Section 5565. And in such case the justice of the peace would act judicially.

The only manner in which the attachment may be attacked is by motion filed by the defendant. *Harrison & Wiley* v. *King,* 9 Ohio St., 388; *Coston* v. *Paige,* 9 Ohio St., 397.

Previous to the amendment of the justices' code the code of civil procedure as to filing a motion to discharge an attachment applied, and this is a written motion, and we apprehend that in no case could an oral motion be made. *Bancroft* v. *Talbott,* 29 Ohio St., 538; *Baer* v. *Otto,* 34 Ohio St.,11; *Seville* v. *Wagner,* 46 Ohio St., 52.

Sections 6522-6525, Revised Statutes, regulate the proceedings before a justice. The order of attachment since the adoption of the code of civil procedure directs the officer to seize property, etc., "not exempt by law from being applied to the payment of the plaintiff's claim," etc. Section 5524 and Section 6491 of justices' code.

Does exempt by law mean specifically exempt, or does it include property exempt by selection of the debtor? It certainly does not mean the latter, for by failing to demand and select, the debtor may waive the right. *McComb* v. *Thompson,* 42 Ohio St., 139.

If no motion is filed to discharge the attachment no order with reference thereto is to be made, and the court is not required to sustain the same, but when judgment is rendered for the plaintiff,

an order of sale issues to sell the attached property. Sections 5544 and 6507.

If a finding sustaining an attachment is in legal effect a judgment that the property is not exempt, by selection or otherwise, and the judgment debtor has made no motion to discharge the attachment on the ground that the same is exempt, then what becomes of the provision of Section 5441, that the exemption may be demanded, or rather selected by the debtor, etc., at any time before sale? "Credits and moneys selected by the debtor can not be taken and held under an order of attachment or by garnishee process." *Chilcote* v. *Conley,* 36 Ohio St., 546.

Under the laws as it formerly stood, if an order sustaining an attachment was necessary or proper, and had the effect now claimed for it by counsel, then it was a finding that the officer had not seized any property that was exempt by law from being applied to the payment of the plaintiff's claim, and that the attached property was not exempt, and the judgment debtor was estopped from ever afterwards claiming that it was exempt.

It would seem that opposing counsel adopted the precise argument that was made by Attorney Lemmon in the case of *Close* v. *Sinclair,* 38 Ohio St., 530.

It is only where the defendant invokes the action of the court upon his motion to discharge the attachment, on the ground that the property is exempt, that he is estopped by the judgment rendered thereon, or rather it is a waiver of his right to a trial of the question by a jury. And that is the decision relied upon by counsel. *Strauss* v. *Cooch,* 47 Ohio St., 115. The facts in the case at bar do not bring it under that rule.

A judgment is not evidence of any matter incidently cognizable or merely to be inferred by argument. *Miehle* v. *Andrews-Jones Printing Co.,* 10 Circ. Dec., 1; 18 C. C. R., 158; *Hixson* v. *Ogg,* 53 Ohio St., 361, on question of *res adjudicata.* On question of motion to discharge attachment: *Kirk* v. *Stevenson,* 59 Ohio St., 556; *Bradley* v. *Wacker,* 7 Circ. Dec., 565; 13 C. C. R., 530; *Mentel* v. *McGammon,* 7 Circ. Dec., 320; 13 C. C. R., 280.

At the time the judgment before the magistrate was rendered, neither Henrietta Ravens, nor her husband, was the owner of a homestead, as that had been destroyed by fire.

But, however that may be, we think it makes no difference whether she was then the owner of a homestead or not. If she was at that time, she could not claim the chattel property or money as exempt, and a motion to discharge the attachment on that ground would have been overruled.

We understand the law to be well settled, that the right to select property as exempt may be exercised at any time before the property or fund is actually disposed of, or the order of distribution made, and if Mrs. Ravens was the owner of a homestead at the time the attachment was issued and ceased to be such owner at the time she filed her answer in the case and demanded the money in controversy, her right thereto would be determined upon the state of facts as they existed at the time the fund was for distribution, and it was ordered to be paid to her on March 20, 1901, at which time, neither she nor her husband was the owner of a homestead.

It seems to us that the decision of this court in case of *Fry* v. *Smith,* 61 Ohio St., 276, is decisive of the case at bar, regardless of what the decision of the magistrate may have been, unless a motion had been filed before said magistrate to dismiss the attachment on the ground that the property attached was exempt and this motion had been overruled. Also on the same question we refer to *Niehaus* v. *Faul,* 43 Ohio St., 63; *Ross* v. *Carter,* 54 Ohio St., 664; affirming *Carter et al* v. *Ross,* 4 Circ. Dec., 333; 8 C. C. R., 139, upon grounds stated in the opinion of the circuit court; *Wildermuth* v. *Koenig,* 41 Ohio St., 180.

In this last case it was held that where a party had a lien upon the lands of another by judgment and before the property was about to be levied upon or seized under an order of sale, it was occupied by the debtor and his family as a homestead, that he was entitled to hold the same as a homestead as against such judgment lien. *Cooper* v. *Cooper,* 24 Ohio St., 488; *Close* v. *Sinclair,* 38 Ohio St., 530; *Carpenter* v. *Warner,* 38 Ohio St., 416.

CREW, J.; BURKET, C. J., SPEAR, DAVIS, SHAUCK and PRICE, JJ., concur.

On February 3, 1897, the plaintiff in error commenced an action in attachment against the defendants in error, Henrietta Ravens and Henry Ravens, her husband, before William McFee, a justice

of the peace in and for Columbia township, Hamilton county, Ohio, to recover the sum of $260 alleged to be due it on a certain promissory note executed by said Henrietta Ravens and Henry Ravens. In said suit the affidavit for attachment set forth and alleged as grounds of attachment and garnishment that:

"The said defendants are about to convert their property, or a part thereof, into money with the intent to place it beyond the reach of their creditors; have property or rights of action which they have assigned, removed or disposed of, or is about to assign, remove or dispose of property, or a part thereof, with intent to defraud his creditors. Said affiant further makes oath and says he has good reason to and does believe that the Hartford Fire Insurance Co., etc., L. E. Guentral, agent, and A. W. Schell & Co., agents and managers, have in their possession certain property, funds and credits, the property of said defendants."

And said affidavit contained the further averment, required by Section 6489, Revised Statutes, that "the property sought to be attached is not exempt from execution." In said action garnishee process with summons was duly issued and served upon the Hartford Fire Insurance Co. Said company as such garnishee answered, disclosing that Henrietta Ravens held a policy of insurance in its company under which there might become due to her, because of a loss sustained by her as the result of a fire on and in the property covered by said policy of insurance, the sum of $900, but asserting that at the time of making said answer the amount of said loss had not then been ascertained, and there had not then been any adjustment of the same. On the hearing of this attachment suit the following finding and judgment was made and entered by the justice:

"February 8, 1897, 7 o'clock A. M., the time set for appearance, this cause coming on to be heard, the defendants in court, trial had; whereupon it is considered by me that the plaintiff recover of the defendants, Henrietta Ravens and Henry Ravens, the sum of two hundred and forty-six and sixty one-hundredths ($246.60) dollars; and it further appearing the defendants have been guilty as charged in the affidavit herein, the attachment is therefore sustained; and it appearing that the Hartford Insurance Co. has in its possession certain monies belonging to the defendants, amounting to $900, it is therefore ordered that the garnishee, the

Hartford Fire Insurance Co., pay into this court the sum of $260.-50, the amount of the judgment and costs herein, taxed at $———."

The Hartford Insurance Co. never complied with this order and no other or further proceedings were ever had in the attachment case before said justice. It having thereafter, in a suit against said insurance company, been ascertained and adjudged that the amount due Mrs. Ravens from said company on said policy of insurance was $350, and said F. Rempe & Son and Henrietta Ravens, each claiming to be entitled to said fund, said Hartford Insurance Co. commenced an action in the Superior Court of Cincinnati, brought said fund into court, and asked that said parties be required to interplead therefor and that said court adjudge and direct to whom said fund should be paid. In said action so brought by said insurance company, F. Rempe & Son, plaintiff in error, filed an answer and cross-petition claiming said fund, or so much thereof as might be necessary to satisfy its judgment, by virtue of a lien which it alleged it acquired by its judgment obtained in the attachment proceeding. Henrietta Ravens, by answer and cross-petition in said suit, claimed the right to hold as exempt said sum of $350, under the exemption laws of Ohio, and demanded that the same be set off and allowed to her and her husband in lieu of a homestead. The facts of this case are not in dispute and it is conceded that said Henrietta Ravens is entitled, in this action, to have said allowance and to hold said fund as exempt, unless her right thereto is cut off or she is concluded and estopped from making such claim, because of the judgment in said attachment suit. It is contended on behalf of plaintiff in error that whether the property taken in attachment by garnishee process was property subject to exemption, by selection or otherwise, was, because of the averment in the affidavit in attachment that said property was exempt from execution, a question necessarily involved in that suit, and being so involved it is said was determined and adjudicated by the judgment therein rendered; and it is the claim of plaintiff in error that by force of the judgment in that suit such question became and is, as between the parties, *res judicata* and that the defendant in error, Henrietta Ravens, is therefore concluded and estopped in this action, because of said judgment, from now claiming or holding said property as exempt.

Whether the matter of her right to exemption was so involved in the attachment suit as that it was necessarily determined therein, and whether in this action the effect claimed for it, shall be given to the judgment rendered in said attachment suit, are the only questions involved in the present inquiry. That the judgment of a court of competent jurisdiction upon a matter necessarily or directly in issue is, until vacated or reversed, conclusive as between the parties, is a rule too well established to admit of question. As said by Peck, J., in the case of *Lore* v. *Truman,* 10 Ohio St., 53:

"There can be no doubt, at the present day, but that the rule established in the *Duchess of Kingston's Case,* in 11 State Trials, 291, cited with approbation by Chief Justice Gibson, in *Hibshman* v. *Dulleban,* 4 Watts, 191, and by Lewis, J., in *Lentz* v. *Wallace,* 17 Pa. St., 412, is the true one and well expressed: 'The judgment of a court of concurrent jurisdiction, directly upon the point is, as a plea in bar or as evidence, conclusive between the same parties, on the same matter, directly in question in another court. But neither the judgment of a court of concurrent or exclusive jurisdiction, is evidence of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment.'

"So it is also said in 3 Phillips' Evidence, 845, 'that where a judgment (or decree) is relied on by way of evidence as something *conclusive, per se,* between the parties, it must appear by the record of the prior suit, that the particular controversy so sought to be precluded, was there *necessarily* tried and determined. In other words, if in such cases, the former record clearly shows that the judgment to which this effect is ascribed could not have passed without deciding a particular matter, it will be considered as having settled that matter for all future actions; but otherwise not.' "

Applying this rule to the case at bar, unless it appears of record that in the attachment suit brought by F. Rempe & Son against Henrietta Ravens, that the question of the right of Henrietta Ravens to select and hold the fund in controversy exempt from execution was in that suit directly presented and determined, or that such matter was so necessarily involved as an issue in that proceeding that judgment therein "could not have passed without deciding the particular matter," then, and in that event, if such facts should not so appear, such judgment as to such matter would

not be final and conclusive, as against said Henrietta Ravens, and she would not, because of such judgment, be barred from asserting and claiming such right of exemption in this action. Where as in this case the property sought to be subjected to the payment of the plaintiff's claim was not property, which was by statute *specifically* exempt, but was such as was exempt only upon demand and selection by the judgment debtor, the right to claim and have such exemption, being essentially a personal right or privilege, might, at will, be waived or asserted by the person in whose favor such right exists, hence in the very nature of things, until there is an assertion of such right by the person entitled to make the claim, a court is not called upon to make inquiry, nor can it rightfully determine the validity or invalidity of such claim or right, and by force of Section 5441, Revised Statutes, such claim is seasonably made if made at any time before sale or before the actual application of the property. Had Henrietta Ravens in said attachment proceeding filed, as she might have done, a motion to discharge said attachment on the ground that she was entitled to select and hold exempt from execution the property seized in said suit by garnishee process, and had such motion been heard and decided by the justice, then such question might be regarded as *res judicata,* and such judgment could be effectively pleaded as a bar to the claim for such exemption made by her in this action. *Strauss* v. *Cooch,* 47 Ohio St., 115. But no such motion to discharge the attachment having been made by her upon this or any other ground, and she having in no manner invoked the action or judgment of the justice upon the question of her right to select and hold said property as exempt, her right to make such selection and hold said exemption were in no way involved or put in issue in said attachment suit, and in consequence were not determined or adjudicated by the judgment of said justice in that suit. A claim similar to the one relied upon and presented in argument by counsel for plaintiff in error in this case, was, it would seem, urged upon the consideration of this court in the case of *Close* v. *Sinclair,* 38 Ohio St., 530. This was a case involving, as does the case at bar, the question of the right of a judgment debtor after final judgment in an attachment suit, to select and hold exempt the property

seized to the amount and value of $500, in lieu of a homestead. Counsel for plaintiff in error claimed in argument that: "When the court sustained these attachments and ordered the property sold, it adjudicated that this property was not exempt. The proceeding in attachment is essentially *in rem,* and the order to sell the attached property is an adjudication that it is liable to be applied to pay the claim; and when the debtor has knowledge of the attachment, his claim for exemption comes too late if not made before this final adjudication." White, J., in the opinion in that case, referring to this claim and argument of counsel, said:

"It is claimed on behalf of the plaintiffs in error, that the orders of sale in the attachment suits had the effect to cut off the right; that such orders, in effect, adjudged that the defendant had no right to hold the attached property exempt from sale. We do not think so. The effect of the attachments and the subsequent orders of sale, was no greater in regard to the right of exemption, than would have been had by a judgment and execution thereon, levied on the same property."

The court further said:

"A waiver is also claimed to arise from the fact that the debtor made no selection at the time of the levy of the attachments * * *.

"The property now in question was selected by the debtor on August 4, 1874—six days before the time fixed for the sale—and was set off and appraised by the officer, on the eighth of the same month. The question is, whether there was such delay in making the selection, as to operate as a waiver of the right. We think the statute, which declares that the selection may be made 'at any time before sale,' requires the question to be answered in the negative. 70 O. L., 51. We doubt not the right to make the selection may be waived by the debtor, as was held in *Butt* v. *Green,* 29 Ohio St., 667, but we find no circumstances in the present case to justify us in holding that he had waived the right."

The writ of attachment or garnishment is in the nature of "an execution in advance" and the office and purpose of such writ is to hold and bind the property seized until final judgment in the attachment proceeding, and if upon final hearing in the attachment suit, judgment is entered in favor of plaintiff, the effect of such

judgment is to give the plaintiff the right to enforce any lien he shall have acquired by his attachment or garnishment against whatever interest the defendant may have in the property attached or garnisheed, "subject to be applied to the payment of (his) plaintiff's claim," and such only is the legitimate scope and effect of the judgment in so far as it affects or binds the property levied upon, and the fact that the affidavit in attachment contains the averment that the property is "exempt from execution" can not operate to give to the judgment in attachment the effect of an adjudication of such claim or right in the absence of, and in advance of, an assertion thereof by the person entitled to make it. To hold that the judgment sustaining an attachment is in legal effect a finding and adjudication that the property seized is not, and thereafter can not be, exempt by selection or otherwise, would be to render inoperative the plain provision of the statute, Section 5441, which is, that such selection may be made at any time before sale, a provision which this court has said "should be liberally construed with a view of placing all debtors of the class upon a footing of equality." 36 Ohio St., 548. A judgment sustaining an attachment and ordering the garnishee to pay into court the money in his hands belonging to the defendant, finds its support, and follows an inquiry quite apart from defendant's claim to exemption, and is conclusive only as to such facts as are necessary to be considered in determining said judgment. The judgment we are now considering is doubtless conclusive of defendant's indebtedness to plaintiff, and as to the amount thereof, and it is conclusive of the fact that the justice found that the garnishee had property in its hands belonging to the defendant, Henrietta Ravens, for these were all essential matters of inquiry in determining said judgment and therefore necessarily embraced in it, but such judgment is not conclusive that the property so held by the garnishee may not be selected by, and allowed to, said Henrietta Ravens as an exemption in lieu of homestead, for that question was in no way involved by any issue before the court.

In *Porter* v. *Wagner*, 36 Ohio St., 471, the third clause of the syllabus is as follows: "A judgment is conclusive by way of estoppel only as to facts without the proof or the admission of which it

could not have been rendered." The majority of the cases relied upon and cited in the brief of counsel for plaintiff in error, are cases which only assert the well settled rule, that a valid judgment can not be collaterally attacked. But no case has been cited by them supporting the proposition for which they here contend.

From the facts disclosed of record in this case we find that the claim and right of the defendant in error, Henrietta Ravens, to the fund in controversy, is superior to that of the plaintiff in error, F. Rempe. & Son, and that said Henrietta Ravens was, and is, entitled to demand and hold said fund exempt from execution in lieu of a homestead. Such having been the judgment of the superior court its judgment is

*Affirmed.*